IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES EDWARD GRANT,

                                            ORDER

                Petitioner,

                                        13-cv-374-bbc

        v.

TRENTON SCHAEFER, CRAIG VANDERMOLEN,
GREG SHONDRELL, MR. TUESCHER,
MARK TWOMBLY and GERALD HUNDT,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On July 17, 2013, I dismissed petitioner's James Grant's pleading in this case, which is styled as a petition for a writ of habeas corpus under 28 U.S.C. § 2254, because his pleading is not a legitimate habeas petition, but is instead a civil complaint. I did not allow petitioner to convert his case into an action under 42 U.S.C. § 1983 because he has three strikes and his pleading does not qualify under the imminent danger standard because his claims alleged only past harm. Now before the court is petitioner's notice of appeal, which includes a request for leave to proceed on appeal in forma pauperis. The request will be denied because I must certify that petitioner's appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3).

Petitioner's notice of appeal is dated August 18, 2013. However his notice of appeal was received by the court on September 18, 2013, two months after the court's July 18, 2013 judgment closing this case. Although petitioner's notice of appeal may be untimely,

I will not deny it for that reason, because only the Court of Appeals for the Seventh Circuit may determine whether it has jurisdiction to entertain an appeal. Hyche v. Christensen, 170 F.3d 769, 770 (7th Cir. 1999). Therefore, I will consider petitioner's request for leave to proceed in forma pauperis on appeal.

A district court has authority to deny a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is taken in bad faith or the litigant is a prisoner and has three strikes. § 1915(a)(1),(3) and (g). Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998). Petitioner's request for leave to proceed in forma pauperis on appeal will be denied, because he has three strikes and because he has no meritorious basis for his appeal, which means that the appeal is taken in bad faith.

Because I am certifying petitioner's appeal as not having been taken in good faith, he cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so. Under Fed. R. App. P. 24, petitioner has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. With his motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues he intends to argue on appeal. Also, he must send along a copy of this order. Petitioner should be aware that he must file these documents in addition to the notice of appeal he has filed previously.

If petitioner does not file a motion requesting review of this order, the court of

appeals might not address the denial of leave to proceed in forma pauperis on appeal. Instead, it may require petitioner to pay the entire $455 filing fee before it considers his appeal.  If petitioner does not pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal and order the court to arrange for collection of the fee from petitioner's prison account.

ORDER

IT IS ORDERED that petitioner James Grant's petitioner's request for leave to proceed in forma pauperis on appeal, dkt. #7, is DENIED because he has three strikes and because I am certifying that his appeal is not taken in good faith.  If petitioner wishes to appeal this decision, he must follow the procedure set out in Fed. R. App. P. 24(a)(5).  The clerk of court is requested to insure that petitioner's obligation to pay the $455 filing fee for the appeal is reflected in this court's financial records.

Entered this 22d day of October, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3